UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAMONA DANNY,

    Plaintiff,

    v.

LAIDLAW TRANSIT SERVICES, INC.,

    Defendant.

Case No. C05-1047L

ORDER REGARDING CERTIFICATION OF PLAINTIFF'S STATE LAW CLAIMS TO THE SUPREME COURT OF WASHINGTON

    This matter comes before the Court on a motion to dismiss filed by defendant Laidlaw Transit Services, Inc. ("Laidlaw") (Dkt. #16). Plaintiff Ramona Danny, a former employee of Laidlaw, alleges that Laidlaw discharged her in violation of public policy "because she experienced domestic violence and took actions to protect herself, her family and to hold her abuser accountable, in violation of the State of Washington's public policy protecting persons who suffer domestic violence." Complaint at ¶ 30. Laidlaw moves to dismiss the public policy claim, arguing that plaintiff has failed to allege any clear mandate of public policy violated by Laidlaw.

    Pursuant to RCW 2.60.020, "[w]hen in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may

ORDER REGARDING CERTIFICATION - 1

certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto." Resolution of plaintiff's claims turns on the existence of a clear mandate of public policy. Pursuant to the statute, the state's highest court should have an opportunity to consider the issue. Furthermore, there are good policy reasons for allowing the state supreme court, with ultimate authority over such issues, to decide the issues rather than a federal district court or the Ninth Circuit Court of Appeals reviewing this Court's decision. Certification is particularly appropriate here because this case was originally filed by plaintiff in state court and removed by defendant. Finally, the certification procedure worked well in Gardner v. Loomis Armored, Inc., 128 Wn.2d 931, 941 (1996). In that case, the district court for the Eastern District of Washington certified a public policy question to the state supreme court, which then carefully and thoughtfully considered the issue and provided the necessary guidance to the federal court.

For these reasons, the Court, having reviewed the memoranda and the record, is convinced that this matter should be certified to the Washington State Supreme Court for resolution of whether plaintiff has proven the existence of a clear mandate of public policy to support her claim.

The parties shall, therefore, meet and draft the question or questions of law to be certified to the Washington State Supreme Court, along with a statement of stipulated facts and evidentiary record showing the nature of the case and the circumstances out of which the question(s) arose. The parties shall file their joint statement with the Court on or before Friday, February 3, 2006. For purposes of this exercise, plaintiff is designated as the appellant before the Supreme Court of Washington and defendant is the appellee. If the Court makes any changes to the parties' stipulated proposal, it will distribute the revised version for further comment before certifying this matter to the State Supreme Court. If the parties are unable to agree upon the question(s) of law and/or a stipulated record, they may submit alternate

ORDER REGARDING CERTIFICATION - 2

proposals, not to exceed two pages, for the Court's review.

DATED this 20th day of January, 2006.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER REGARDING CERTIFICATION - 3