UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAMONA DANNY,

    Plaintiff,

  v.

LAIDLAW TRANSIT SERVICES, INC.,

    Defendant.

Case No. C05-1047L

ORDER

    Having reviewed defendant's "Motion for Judgment on the Pleadings," plaintiff's response thereto, defendant's reply, and the record as a whole, the Court finds that the following question should be certified to the Supreme Court of Washington:

> Has the State of Washington established a clear mandate of public policy prohibiting an employer from discharging an at-will employee because she experienced domestic violence and took leave from work to take actions to protect herself, her family, and to hold her abuser accountable?

    The Clerk of the Court is directed to submit to the Supreme Court of Washington certified copies of (a) this Order, (b) the "Record for Purposes of Deciding Certified Issue" and the exhibits thereto, and (c) the docket in the above-captioned matter. The record so compiled contains all matters in the pending cause deemed material for consideration of the local law

ORDER - 1

1 question certified for answer.[1]

2 Defendant's "Motion for Judgment on the Pleadings" is hereby STAYED until the
3 Supreme Court of Washington answers the certified question.

4 The plaintiff in this action is designated as the appellant and shall file the first brief
5 before the Supreme Court of Washington. The parties are referred to state RAP 16.16 for
6 additional information regarding procedure before the Supreme Court. The Clerk of the Court
7 shall notify the parties as soon as possible, but no more than three days, after the above-
8 described record is filed in the Supreme Court of Washington.

10 DATED this 10th day of March, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Because the matter came before the Court on a motion for judgment on the pleadings filed early in this case, the factual record is scant. For that reason, the Court has included in the compiled record the Declaration of Ramona Danny in Support of Plaintiff's Proposed Certified Question and Record and its attachments. Although the declaration was submitted for the first time in support of plaintiff's proposed certified question, the Court finds that the declaration and its attachments provide additional factual background that may be of assistance to the Supreme Court of Washington in answering the certified question.

ORDER - 2

**RECORD FOR PURPOSES OF DECIDING THE CERTIFIED ISSUE**

The United States District Court, with the assistance of counsel, has prepared the following "record" for purposes of deciding the certified issue.

**Statement of Facts**

Plaintiff was hired by Laidlaw Transit Services, Inc. ("Laidlaw") in February 1997. Laidlaw provides transit services in King County, Washington, working with big subcontractors on large projects providing public transit route bids to King County. In October 2002, plaintiff was promoted to the position of scheduling manager.

While she was working at Laidlaw, plaintiff experienced ongoing domestic violence from her husband. She moved out of her house in February 2003 after suffering serious physical abuse. In June 2003, she told Project Manager Jeff Kaeder about her domestic violence situation. In August 2003, plaintiff requested time off so she could move her children away from the abusive situation at their home. The project manager initially refused because plaintiff was working on a large project with an October deadline. The project was a route bid for Laidlaw's largest subcontractor; the route bid covered 3,000 – 4,500 of the Call Center rides each day. It was plaintiff's job to put the route bid together. On August 20, 2003, plaintiff's husband beat her 13-year-old son, resulting in his hospitalization; plaintiff immediately moved all five children out of the home. When she returned to work, plaintiff again requested time off to move her children to a shelter. The project manager approved paid time off between August 25 and September 8, 2003.

On October 9, 2003, plaintiff was demoted from manager and offered the position of scheduler, which she accepted. Plaintiff's employment was terminated on December 3, 2003; Laidlaw's stated reason for the termination was falsification of payroll records.

Plaintiff filed her complaint against Laidlaw on May 10, 2005 alleging wrongful termination in violation of public policy and a violation of the Washington Law Against Discrimination. On October 27, 2005, Laidlaw filed its motion for judgment on the pleadings

ORDER - 3

under Fed. R. Civ. P. 12(c) to dismiss the public policy claim. In her complaint, plaintiff alleges that Laidlaw "discharged Plaintiff from employment because she experienced domestic violence and took actions to protect herself, her family and to hold her abuser accountable, in violation of the State of Washington's public policy protecting persons who suffer domestic violence." Complaint at ¶ 30.

**Exhibits**

1. Plaintiff's Complaint (filed with defendant's notice of removal on 6/8/05)
2. Defendant's Answer and Affirmative Defenses (filed 6/14/05)
3. Defendant's Motion for Judgment on the Pleadings (filed 10/27/05)
4. Plaintiff's Response to Defendant's Motion for Judgment on the Pleadings (filed 11/14/05)
5. Defendant's Reply in Support of Its Motion for Judgment on the Pleadings (filed 11/18/05)
6. Order Regarding Certification of Plaintiff's State Law Claims to the Supreme Court of Washington (1/20/06)
7. Declaration of Ramona Danny in Support of Plaintiff's Proposed Certified Question and Record and its attachments (filed 2/3/06).

ORDER - 4